**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000688
29-MAY-2013
08:47 AM**

NO. CAAP-12-0000688

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE
FOR THE STRUCTURED ASSET INVESTMENT LOAN TRUST, 2006-4,
Plaintiff-Appellee,
v.
DANA Y.K. SHIM PALAMA; ROLAND K. PALAMA, JR.;
KAUA'I CREDIT ADJUSTERS, LIMITED (A COLLECTION AGENCY);
UNITED STATES OF AMERICA;
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE ENTITIES 1-10 AND DOE GOVERNMENTAL UNITS 1-10,
Defendants-Appellants


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CV. NO. 09-1-0097)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Leonard, JJ.)


Defendants-Appellants Dana Y.K. Shim Palama and Roland K. Palama, Jr. (collectively, the "Palamas"), appearing *pro se*, appeal from the post-judgment "Order Denying [the Palamas'] Motion for Relief from [the Circuit Court's] April 19, 2011, Order Approving Report of Commissioner, Confirming Commissioner's Sale of Property at Public Auction, Directing Distribution of Proceeds and for a Writ of Possession" (Order Denying the Palamas' Motion for Post-Judgment Relief), which was

filed in the Circuit Court of the Fifth Circuit (Circuit Court)[1] on July 6, 2012. We affirm.

Plaintiff-Appellee U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2006-4 (U.S. Bank), filed a complaint for foreclosure on April 13, 2009. U.S. Bank moved for summary judgment and a decree of foreclosure. On September 20, 2010, the Circuit Court granted U.S. Bank's motion and entered summary judgment, a decree of foreclosure, and an order of sale in favor of U.S. Bank as a final judgment pursuant to Hawaiʻi Rules of Civil Procedure (HRCP) Rule 54(b) (2000). The Circuit Court appointed a commissioner and the property was sold at auction. On April 19, 2011, the Circuit Court entered a judgment, pursuant to HRCP Rule 54(b) and Rule 58 (2010), confirming the sale and for a writ of possession. The Palamas did not appeal from the judgments entered on the decree of foreclosure or the order confirming sale.

On April 19, 2012, one year after the entry of judgment confirming the sale and for writ of possession, the Palamas filed their post-judgment motion seeking relief from the entry of that judgment. The Circuit Court denied the Palamas' post-judgment motion and filed its Order Denying the Palamas' Motion for Post-Judgment Relief.

The sole argument raised by the Palamas on appeal is that the Circuit Court lacked subject matter jurisdiction over their case because they have demonstrated the continuing existence of the Hawaiian Kingdom. Our appellate courts, however, have repeatedly held that claims of this nature are without merit. In <u>State v. Kaulia</u>, 128 Hawaiʻi 479, 291 P.3d 377 (2013), the Hawaiʻi Supreme Court reaffirmed this view where it stated:

> Kaulia appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government. In that regard, we reaffirm that "[w]hatever may be said regarding the lawfulness"

---

[1] The Honorable Randal G.B. Valenciano presided.

> of its origins, "the State of Hawai'i . . . is now, a lawful government." State v. Fergerstrom, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App. 2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004). Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws. See id. at 55, 101 P.3d at 664; State v. Lorenzo, 77 Hawai'i 219, 883 P.2d 641 (App. 1994); State v. French, 77 Hawai'i 222, 883 P.2d 644 (App. 1994); Nishitani v. Baker, 82 Hawai'i 281, 921 P.2d 1182 (App. 1996); State v. Lee, 90 Hawai'i 130, 976 P.2d 444 (1999).

Kaulia, 128 Hawai'i at 487, 291 P.3d at 385 (brackets and ellipsis points in original).

Accordingly, the July 6, 2012, Order Denying the Palamas' Motion for Post-Judgment Relief is affirmed.

DATED: Honolulu, Hawai'i, May 29, 2013.

On the briefs:

Roland K. Palama, Jr.
Dana Y.K. Shim Palama
Defendants-Appellants
Pro Se

Robert E. Chapman
Mary Martin
(Clay Chapman Iwamura Pulice
    & Nervell)
for Plaintiff-Appellee

*Craig H. Nakamura*
Chief Judge

*[signature]*
Associate Judge

*[signature]*
Associate Judge

3